UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:18-cv-81564

THEODORE PARISIENNE,

       Plaintiff,

v.

NEWSMAX MEDIA, INC.,

       Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff THEODORE PARISIENNE by and through undersigned counsel, brings this Complaint against Defendant NEWSMAX MEDIA, INC. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff THEODORE PARISIENNE ("PARISIENNE"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Parisienne's original copyrighted works of authorship.

2. Parisienne is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 159 Martin Luther King Jr. Place, 2nd Floor, Brooklyn, New York, 11206.

3. Defendant NEWSMAX MEDIA, INC. ("Newsmax Media") owns and operates a website at the URL: www.newsmax.com (the "Website").

4. Parisienne alleges that Newsmax Media copied Parisienne's copyrighted Work from the internet in order to advertise, market and promote its business activities. Newsmax Media committed the violations alleged in connection with Newsmax Media's business for purposes of advertising and promoting sales to the public in the course and scope of Newsmax Media's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Florida.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Newsmax Media, Inc. is a Florida corporation with its principal place of business at 750 Park of Commerce Drive, Suite 100, Boca Raton, Florida, 33487, and can be served by serving its Registered Agent, Cogeny Global Inc., 115 North Calhoun Street, Suite 4, Tallahassee, Florida, 32301.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2016, Parisienne created a photograph entitled "Parisienne_Bloody Car 7.5.16.jpg," which is shown below and referred to herein as the "Work".

11. Parisienne registered the Work with the Register of Copyrights on October 5, 2016 and was assigned the registration number VA 2-023-503. The Certificate of Registration is attached hereto as Exhibit 1.

12. Parisienne licensed the Work to the New York Daily News. On July 5, 2016, The New York Daily News ran an article that featured the Work titled *New York Attorney General to investigate off-duty NYPD officer's fatal road rage shooting of Brooklyn man.* See URL http://www.nydailynews.com/new-york/ag-probe-nypd-fatal-brooklyn-road-rage-shooting-article-1.2700315. Parisienne's name was featured in a gutter credit identifying him as the photographer of the Work. A true and correct copy of the article is attached hereto as Exhibit 2.

13. At all relevant times Parisienne was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

14. On or about July 5, 2016 Newsmax Media ran an article on the Website titled *Road Rage in Brooklyn: Off-Duty NYPD Officer Kills Alleged Suspect.* See URL https://www.newsmax.com/TheWire/road-rage-brooklyn-nypd-shoots/2016/07/05/id/737050/. The article prominently featured the Work. A true and correct copy of the article is attached hereto as Exhibit 3.

15. Newsmax Media has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, Newsmax Media copied the Work.

17. Newsmax Media copied Parisienne's copyrighted Work without Parisienne's permission.

18. After Newsmax Media copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its independent news media website business.

19. Newsmax Media copied and distributed Parisienne's copyrighted Work in connection with Newsmax Media's business for purposes of advertising and promoting Newsmax Media's business, and in the course and scope of advertising and selling products and services.

20. Parisienne's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21. Newsmax Media committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 3.

22. Parisienne never gave Newsmax Media permission or authority to copy, distribute or display the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Parisienne owns a valid copyright in the Work at issue in this case.

25. Parisienne registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26. Newsmax Media copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Parisienne's authorization in violation of 17 U.S.C. § 501.

27. Newsmax Media performed the acts alleged in the course and scope of its business activities.

28. Parisienne has been damaged.

29. The harm caused to Parisienne has been irreparable.

### COUNT II
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
### (17 U.S.C. § 1202)

30. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

31. Upon information and belief, in its article on the Website, Defendant copied the Work from the New York Daily News which contained a gutter credit underneath the Work stating "Theodore Parisienne/for New York Daily News" and placed it on its Website without the gutter credit.

32. Upon information and belief, Newsmax Media Media intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Work.

33. The conduct of Newsmax Media violates 17 U.S.C. § 1202(b).

34. Upon information and belief, Newsmax Media's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

35. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Newsmax Media intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Work. Newsmax Media also knew, or should have known, that such falsification,

alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Work.

36. As a result of the wrongful conduct of Newsmax Media as alleged herein, Plaintiff is entitled to recover from Newsmax Media the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Newsmax Media because of its violations of 17 U.S.C. § 1202, including attorneys' fees and costs.

37. Alternatively, Plaintiff may elect to recover from Newsmax Media statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Newsmax Media that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

e. Plaintiff be awarded prejudgment interest; and

      f.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: November 14, 2018          Respectfully submitted,

          */s/  Joel B. Rothman*
          JOEL B. ROTHMAN
          Florida Bar No. 98220
          joel.rothman@sriplaw.com
          ALEXANDER C. COHEN
          Florida Bar No. 1002715
          alex.cohen@sriplaw.com

          **SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
          4651 North Federal Highway
          Boca Raton, FL  33431
          561.404.4350 – Telephone
          561.404.4353 – Facsimile

          *Attorneys for Plaintiff Theodore Parisienne*